UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN KING

        Plaintiff,                                CASE NO. 04-74867

v.                                          PAUL D. BORMAN
                                             UNITED STATES DISTRICT JUDGE

COLUMBIA TOWNSHIP POLICE OFFICER
KEVIN AMBS, in his individual capacity,

        Defendant.
_____/

ORDER
DENYING MOTION FOR RECONSIDERATION/REHEARING

The Court denies Plaintiff's Motion for Reconsideration/Rehearing because, pursuant to Local Rule 7.1(g), movant has not demonstrated a palpable error by which the Court and the parties have been misled. The Court has considered all of Plaintiff's objections; one requires a response.

Specifically, with regard to "concise statement" 8, set forth in Argument V – H, Brief at Page 7, Plaintiff contends:

> This Court committed palpable error in relying upon the majority decision's notations of Justice Powell's observations in his dissent in *Houston v. Hill* for the proposition that *Hill* permits an officer to make an arrest for a verbal interruption that acts to physically obstruct a lawful investigation.

Basically, Plaintiff contends that this Court erroneously relied upon Justice Powell's dissent, not the majority Supreme Court opinion. In fact, this Court's opinion, at pp. 18-19,

1

quoted from the *Houston* majority opinion, 107 Sup. Ct. 2502, 2510, n.11 (1987).  The City of Houston statute at issue in *Houston* prohibited "speech that 'in any manner . . . interrupt[s]' an officer."  *Houston* at 2510.  The Supreme Court noted that Houston's ordinance "effectively grants police the discretion to make arrests selectively on the basis of <u>the content</u> of the speech." *Id*. at 2512, n. 15.  (emphasis added)

In the instant case, the township ordinance at issue does not specifically deal with the content of the speech; it deals with obstructing, resisting, impeding, hindering or opposing a police officer in the discharge of duty.

The instant Plaintiff, 20 years old at the time of the incident, who was intoxicated from drinking nine to twelve, 12 oz cans of beer, and possibly high on marijuana,[1] and his friend, Lucas Anderson, initially confronted a lone police officer, Kevin Ambs, in the darkness of the night on a street in a rural residential area.  Officer Ambs, on patrol, had come across an improperly parked car, that upon further investigation, contained marijuana in plain view on the dashboard.  Plaintiff admitted that he arrived at the house in that car.

---

[1] <u>Page 59 Plaintiff's Deposition Ques.</u>-And did he find anything in your clothing when he searched you?
<u>Page 60, Ans.</u>-Yes.
<u>Ques.</u>-What did he find?
<u>Ans.</u>-A glass pipe.
<u>Ques.</u>-[W]hat is a glass pipe?
<u>Ans.</u>-It is a smoking device.
<u>Ques.</u>-What is the purpose of such a pipe?
<u>Ans.</u>-Smoking.
<u>Ques.</u>-Do you know whether it's typically used to smoke marijuana or not?
<u>Page 61, Ans.</u>-Yes, it can be used to smoke marijuana.

The Court notes that Officer Ambs found marijuana in plain view in the car in which Plaintiff had traveled to the house.

As Plaintiff and his friend Lucas Anderson approached Officer Ambs, they started questioning the officer as to why he had searched the car.  Ambs responded to Plaintiff's questioning, and smelled alcohol on Plaintiff's breath.  Plaintiff testified that he and his friend kept telling Ambs, two or three times that he had no right to search the car.[2]  Plaintiff and his friend laughed at Officer Ambs.  Ambs did not arrest Plaintiff, or Anderson, but continued his investigation by approaching the house in front of which the car had been parked.

When Officer Ambs approached the house, Plaintiff's friend Anderson initially resisted Officer Ambs attempts to enter the vestibule by holding the door – physically obstructing Ambs' investigation.  Again, Ambs did not arrest anyone, but continued his investigation, and managed to enter the vestibule and proceed to the front door.

Finally, when the house occupant Klein came out of the front door in response to Officer Ambs presence,  Ambs began to speak with him.  Plaintiff then verbally interrupted Officer Ambs attempt to question Klein, time and again.

Ambs, who was investigating a confirmed drug offense, had continuously been the subject of verbal badgering during his criminal investigation from an inebriated Plaintiff and his friend from the initial encounter on the street, through the approach to the door.  Nevertheless, Officer Ambs had gone about his business – carrying out the investigation in a professional manner.

When Officer Ambs began to question Klein, the occupant of the house, Plaintiff time

---

[2]Page 31 Plaintiff's Deposition-We, Lucas and myself persisted to Mr. Ambs saying that he could not, you know, search and impound this vehicle.
Page 33, Ques.-How many times would you estimate you advised the officer that in your opinion, he had no right to search the vehicle?
Page 34, Ans.-I would say two to three. (King Dep. May 9, 2005).

3

and again interfered with Ambs' investigation by talking to Klein at the same time.  After multiple interruptions, Officer Ambs warned Plaintiff that if he persisted in interrupting the investigation, he would be arrested.  Plaintiff again interrupted Amb's questioning, and Officer Ambs arrested him for obstructing and impeding the Officer's investigation.

As noted before, Plaintiff's Motion for Reconsideration asserts that the Court committed palpable error by relying on a dissenting opinion by Justice Powell in *Houston v. Hill*, 107 S. Ct. 2502, 2510, n.11 (1987).  In fact, this Court quoted from, and relied upon, the majority opinion, which agreed with Justice Powell on the point at issue:

> n.11 . . . For example, Justice Powell states that " a municipality constitutionally may punish an individual who chooses to stand near a police officer and persistently attempt to engage the officer in conversation while the officer is directing traffic at a busy intersection.  <u>We agree</u>, however, that such conduct might constitutionally be punished under a properly tailored statute, as a disorderly conduct statute. . . .

*Id*. (emphasis added).

In the instant case, Plaintiff was properly arrested under a disorderly conduct statute for persistently interfering with Officer Amb's investigation.  The arrest was not for the content of the speech, but instead for the persistent interference with the investigation.

Plaintiff's Motion for Reconsideration/Rehearing is DENIED.


                                        s/Paul D. Borman  
                                        PAUL D. BORMAN  
                                        UNITED STATES DISTRICT JUDGE

Dated:  July 18, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on July 18, 2006.

                                                                  s/Denise Goodine
                                                                  Case Manager